IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD D. ROBINSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:25-cv-709-DWD |
| | ) |
| THOMAS LILLARD, Warden, FCI Greenville, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Petitioner, an inmate at Greenville FCI, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). The Petition is now before the Court for a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts.[1] That rule states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005).

**A. Order to Show Cause (Docs. 5 & 7)**

As an initial matter, the Court **FINDS** Petitioner has now complied with the requirements of the Order to Show Cause. (Docs. 5 & 7). Specifically, he has filed a

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases in the U.S. District Courts states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, although the Petition is filed under § 2241 and involves a federal conviction and federal custody, the Rules Governing Section 2254 Cases in the U.S. District Courts may be applied. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

Response to the Order to Show Cause, the filing fee, and the Notice and Consent to Proceed Before a Magistrate Judge Jurisdiction Form. (Docs. 5, 6, 7; Sealed Doc. 8). Petitioner apologizes for the tardiness of those filings, stating he mistakenly sent the documents to the U.S. District Court for the Northern District of Illinois. (Sealed Doc. 8, pg. 2). Thus, Petitioner's obligations under the Order to Show Cause are **DISCHARGED**.

### B. Preliminary Review Under Rule 4

Petitioner alleges, in late-1997, he was convicted and sentenced in the U.S. District Court for the Southern District of Indiana for crimes related to armed bank robbery and the use of a firearm during a crime of violence. (Doc. 1, pgs. 1, 10). In four similar grounds for relief, Petitioner alleges the denial of federal time credits under the First Step Act and, by extension, the denial of a release to a halfway house after serving the mandatory minimum sentence. (Doc. 1, pgs. 2, 6-8). Petitioner unsuccessfully filed administrative appeals, in which Petitioner's Warden reasoned: "[I]nmates are ineligible to earn Federal Time Credits (FTC's) if the current offense is determined to be a 'serious violent felony,' specifically listed by statute. At this time, all 924(c) offenses are listed as serious violent felonies and are ineligible for the application of FTC's." (Doc. 1, pgs. 2-3, 10).

Given the limited record and arguments available at this time, and despite the above-quoted reasoning of Petitioner's Warden, the Court cannot conclude it "plainly appears from the petition" that Petitioner is entitled to no habeas relief. *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle*, 545 U.S. at 663. Accordingly, without commenting on the merits of Petitioner's four alleged grounds for relief, the Court **FINDS** the Petition survives a Rule 4 preliminary review. Respondent

is **DIRECTED** to file an answer or other pleading by **August 22, 2025**. Petitioner then has until **September 22, 2025**, to file a Reply. This Memorandum & Order does not preclude Respondent from raising any objection or defense to the Petition. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service. Petitioner is **ADVISED** of the obligation to keep the Clerk of the Court and Respondent apprised of changes in his address. He shall notify the Clerk of the Court and Respondent of any change of address, in writing, within 14 days. The failure to do so could result in a dismissal. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: July 23, 2025

*s/ David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge