IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD D. ROBINSON,                    )
                                        )
        Petitioner,                     )
                                        )
vs.                                     )    Case No. 3:25-cv-709-DWD
                                        )
THOMAS LILLARD, Warden, FCI             )
Greenville,                             )
                                        )
        Respondent.                     )

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). That Petition survived a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, so the Court ordered Respondent to file an answer or other pleading.[1] Respondent complied with that Order by filing a Response in Opposition to the Petition. (Doc. 14). Petitioner then filed a Reply in Support of his Petition. (Doc. 17). For the reasons explained below, Petitioner's Petition is **DENIED**.

## I. BACKGROUND

In late-1997, Petitioner was convicted in the Southern District of Indiana of two counts of armed bank robbery under 18 U.S.C. § 2113(a) and (d) (Counts 1 and 3) and two counts of using a firearm during a crime of violence under 18 U.S.C. § 924(c) (Counts 2

---

[1]Rule 1(b) of the Rules Governing Section 2254 Cases in the U.S. District Courts states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, although the Petition is filed under § 2241 and involves a federal conviction and federal custody, the Rules Governing Section 2254 Cases in the U.S. District Courts applied. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

and 4). (Doc. 14-3, pg. 1). Petitioner was sentenced to terms of imprisonment of "120 months on Counts 1 and 3 to be served concurrently; 60 months on Count 2 and 240 months on Count 4 to be served consecutively to each other and to Counts 1 and 3." (Doc. 14-3, pg. 2). He was also sentenced to 60 months of supervised release. (Doc. 14-3, pg. 3).

In four similar grounds for relief, Petitioner now alleges the denial of time credits under the First Step Act and, by extension, the denial of a release to a halfway house after serving the mandatory minimum sentence. (Doc. 1, pgs. 2, 6-8). Petitioner filed administrative appeals, in which his Warden reasoned: "[I]nmates are ineligible to earn Federal Time Credits (FTC's) if the current offense is determined to be a 'serious violent felony,' specifically listed by statute. At this time, all 924(c) offenses are listed as serious violent felonies and are ineligible for the application of FTC's." (Doc. 1, pgs. 2-3, 10).

Given the limited record and arguments available at the time, and despite the reasoning of Petitioner's Warden, the Court allowed the Petition to proceed to a briefing of the merits. (Doc. 10). Respondent filed his Response in Opposition on August 22, 2025, arguing: "[B]ecause the BOP treats Petitioner's sentence as a single aggregate sentence per § 3584(c), Petitioner is ineligible to earn FSA time credits under § 3632(d)(4)(D)(xxii) for the entirety of his 420-month sentence, due to his convictions under § 924(c) for unlawful possession of a firearm during a crime of violence." (Doc. 14, pg. 5).

On October 6, 2025, Petitioner filed a Reply in Support of his Petition. (Doc. 17). In sum, Petitioner argues: "[H]e is eligible to FSA and FTC's [*sic*] not only because he has completed his consecutive sentences of 25 years for his violation of 18 U.S.C. § 924(c) on

2

Counts 2 and 4. Also, there is nowhere in 3632(d)(4)(D) that says the Enhancement Statutes of § 924(c) is/was a violent offense." (Doc. 17, pg. 1). Petitioner further explains:

> Robinson, having first served his sentence(s) for Counts 2 and 4, (25 years), 924(c)s, is currently serving his sentence on Counts 1 and 3, and the Court has authority to consider whether he is eligible for FSA and FTCs under the First Step Act. Petitioner is respectfully asking the Court to order the BOP to (1) identify the date his consecutive(s) 924(c) term ended, (2) Also for the BOP to recognize Petitioner's FSA eligibility from that date forward, (3) calculate Petitioner's credits earned during the eligible period under 18 U.S.C. 3624(g), and (4) Update Petitioner's projected release date.

(Doc. 17, pgs. 5, 8, 13).

Having outlined the background of the case and the parties' arguments on Petitioner's alleged grounds for relief, the Court resolves the Petition filed under § 2241.

## II. ANALYSIS

Under 18 U.S.C. § 3632(a), "the Attorney General, in consultation with the Independent Review Committee authorized by the First Step Act of 2018…develop[ed] and release[d] publicly on the Department of Justice website a risk and needs assessment system." 18 U.S.C. § 3632(a). That system is used to do the following:

(1) determine the recidivism risk of each prisoner as part of the intake process, and classify each prisoner as having minimum, low, medium, or high risk for recidivism;

(2) assess and determine, to the extent practicable, the risk of violent or serious misconduct of each prisoner;

(3) determine the type and amount of evidence-based recidivism reduction programming that is appropriate for each prisoner and assign each prisoner

3

to such programming accordingly, and based on the prisoner's specific criminogenic needs, and in accordance with subsection (b);

(4) reassess the recidivism risk of each prisoner periodically, based on factors including indicators of progress, and of regression, that are dynamic and that can reasonably be expected to change while in prison;

(5) reassign the prisoner to appropriate evidence-based recidivism reduction programs or productive activities based on the revised determination to ensure that—

(A) all prisoners at each risk level have a meaningful opportunity to reduce their classification during the period of incarceration;

(B) to address the specific criminogenic needs of the prisoner; and

(C) all prisoners are able to successfully participate in such programs;

(6) determine when to provide incentives and rewards for successful participation in evidence-based recidivism reduction programs or productive activities in accordance with subsection (e);

(7) determine when a prisoner is ready to transfer into prerelease custody or supervised release in accordance with section 3624; and

(8) determine the appropriate use of audio technology for program course materials with an understanding of dyslexia.

*Id.*

4

Relevant here, the system "provide[s] incentives and rewards for prisoners to participate in and complete evidence based recidivism reduction programs," including time credits. *Id.* at § 3632(d)(4). Specifically, "[a] prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:

> (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

> (ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

*Id.* at § 3632(d)(4)(A).

These time credits "shall be applied toward time in prerelease custody or supervised release," and the Director of the BOP "shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release." *Id.* at § 3632(d)(4)(C). However, "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under," among other legal provisions, "Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." *Id.* at § 3632(d)(4)(D)(xxii).

5

By way of reminder, Petitioner was convicted of two counts of armed bank robbery under § 2113(a) and (d) (Counts 1 and 3) and two counts of using a firearm during a crime of violence under § 924(c) (Counts 2 and 4). (Doc. 14-3, pg. 1). He was sentenced to terms of imprisonment of "120 months on Counts 1 and 3 to be served concurrently; 60 months on Count 2 and 240 months on Count 4 to be served consecutively to each other and to Counts 1 and 3." (Doc. 14-3, pg. 2). And, importantly, "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). Therefore, notwithstanding the argument that Petitioner has already served his sentence for violating § 924(c), Respondent correctly observes that the "BOP treats Petitioner's terms as one 420-month sentence of imprisonment," rendering him "ineligible for FSA time credits per § 3632(d)(4)(D)(xxii)." (Docs. 14, pg. 5; 14-3, pgs. 1-2).

Recently, another member of this Court considered an argument strikingly similar to that of Petitioner before arriving at the same conclusion as Respondent. *See Whitfield v. Sproul*, No. 23-cv-2687-JPG, 2024 WL 4434086 (S.D. Ill. Oct. 7, 2024). More specifically, in *Whitfield*, Senior District Judge J. Phil Gilbert considered the following question: "[W]hether a sentence for an offense covered by the FSA and an offense excluded from the FSA, when stacked consecutively, renders the whole sentence excluded, or only part of the sentence; and whether the sentence is eligible for time credit." *Id*. at *2.

Similar to Petitioner in this case, the petitioner in *Whitfield* was sentenced to 24 months of imprisonment for possession with intent to distribute fentanyl and 60 months of imprisonment for possession of a firearm in furtherance of a drug trafficking crime, to

be served consecutively. *Id*. at *1. After serving 27 months in confinement—*i.e.*, after serving the 24-month term of imprisonment for possession with intent to distribute fentanyl—the petitioner in *Whitfield* filed a petition for a writ of habeas corpus under § 2241. *Id*. Like Petitioner here, the petitioner in *Whitfield* argued "he ha[d] been unjustly denied time credit under the First Step Act[,] 18 U.S.C. § 3632." *Id*. In other words, like Petitioner in this case, the petitioner in *Whitfield* argued he was still eligible to receive time credits under the First Step Act for the offense not covered by § 3632(d)(4)(D). *Id*.

When denying the petition under § 2241, Judge Gilbert held the petitioner's sentence was ineligible for FSA time credit, meaning the BOP correctly denied the request for FSA time credit on his sentence. *Id*. at *2-3. Judge Gilbert reasoned as follows:

> In *United States v. Hudson*, the Seventh Circuit determined that so long as *at least one* of the defendant's offenses was covered by the FSA, a court had discretion to reduce the whole sentence accordingly—regardless of whether the reduction would reduce time for a non-covered offense. 967 F. 3d 605, 611 (7th Cir. 2020). The *Hudson* court reasoned that, because consecutive sentence[s] are deemed to be aggregated, asking whether one of the offenses is covered by the FSA is merely step one of the analysis—it only determines eligibility. If at least one offense is covered, then the entire sentence is eligible for a reduction—a rising tide lifts all ships.
>
> However, contrary to what [the petitioner] believes, the implications of *Hudson* cut against his argument. By finding that one covered offense makes an entire sentence eligible, the Seventh Circuit affirmed that a defendant's sentence is one aggregate sentence, made up of component sentences, but ultimately a singular sentence. *Id.* If one covered offense makes an entire sentence eligible, then an offense that is *explicitly excluded* from receiving time credit makes the entire sentence ineligible. To demonstrate with another idiom: one bad apple spoils the barrel. Because Whitfield is serving a sentence for an offense covered by the FSA, and an offense explicitly excluded from time credit; Whitfield's *entire sentence* may be considered "covered" by the FSA, but that sentence is also ineligible for FSA time credit. Phrased in idiomatic terms, a spoiled barrel, rising tide or not, is still a spoiled barrel.

*Id.* at *2 (Emphasis in original); *see also Fletcher v. Acting Warden of FCI-Marion*, No. 25-cv-560-JPG, 2025 WL 2687007, *2 (S.D. Ill. Sept. 19, 2025) (recognizing *Whitfield's* holding); *U.S. v. Barenas-Reynoso*, No. 19-cr-351-8, 2026 WL 265565, *2 (N.D. Ill. Feb. 2, 2026) (same); *Gibson v. Lillard*, No. 25-cv-997-JPG, 2026 WL 24994, *2 (S.D. Ill. Jan. 5, 2026) (recognizing and applying *Whitfield's* holding); *Corbin v. Rudolph*, No. 23-cv-3867-NJR, 2026 WL 759086, *2 (S.D. Ill. March 18, 2026) (according with *Whitfield's* reasoning and collecting cases that reached the same conclusion); *U.S. v. Smith*, 54 F.4th 1000, 1006 (7th Cir. 2022) ("Smith is mistaken about the effect of his § 924(c) conviction. That conviction bars him from receiving good-time credit under the First Step Act of 2018 for participating in educational or vocational programs, *see* 18 U.S.C. §§ 3632(d)(4)(D)(xxii), 3635(3), but it does not necessarily bar him from participating in those programs.").

The circumstances of this case are the same as in *Whitfield*. Only one of Petitioner's two offenses, which resulted in a consecutive sentence, is covered by the FSA. The undersigned agrees with Judge Gilbert that, based on *Hudson*, this circumstance yields "one aggregate sentence, made up of component sentences, but ultimately a singular sentence." *Whitfield*, 2024 WL 4434086 at *2 (citing *Hudson*, 967 F. 3d at 611). While Petitioner is serving a sentence for an offense covered by the FSA, his conviction under § 924(c), which is "explicitly excluded from receiving time credit" under the FSA, renders "the entire sentence ineligible" for relief. *Id*. As such, Petitioner's Petition is **DENIED**.

### III. CONCLUSION

As explained above, the Petition is **DENIED**. The case is **DISMISSED with prejudice**. The Clerk of the Court is **DIRECTED** to enter judgment and to close the case.

**SO ORDERED.**

Dated: April 8, 2026

*s/ David W. Dugan*

DAVID W. DUGAN
United States District Judge